IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



**FILED**

OCT 15 2014

Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| SHERI YOUNG, | CV 13–83–M–DWM |
| Plaintiff, | OPINION AND |
| vs. | ORDER |
| THE FEDERAL HOME LOAN MORTGAGE CORPORATION, a federally chartered corporation; FLATHEAD LAND & HOME, INC.; DUSTY DZIZA; CENTURY 21 REAL ESTATE; TRUDY BERGE; KELLER WILLIAMS REALTY NORTHWEST MONTANA; JANELL CLARKE; and JOHN DOES 1-5, | |
| Defendant. | |

THE FEDERAL HOME LOAN
MORTGAGE CORPORATION, a
federally chartered corporation

            Cross-Claimant,

vs.

DUSTY DZIZA and FLATHEAD LAND
& HOME, INC.,

            Cross-Defendants.

FLATHEAD LAND & HOME, INC. and
DUSTY DZIZA,

                Third-Party
                Plaintiffs,

    vs.

TRUDY BERGE, CENTURY 21 BIG
SKY REAL ESTATE; JANELL
CLARKE; and KELLER WILLIAMS
REALTY NORTHWEST MONTANA,

                Third Party
                Defendants,

Plaintiff Sheri Young ("Plaintiff") brings this action against Defendants Federal Home Loan Mortgage Corporation ("Freddie Mac"), Flathead Land and Home, Inc. and Dusty Dziza (collectively "Flathead Land and Home"), Trudy Berge and Century 21 Big Sky Real Estate ("Berge"), and Janell Clarke and Keller Williams Realty of Northwest Montana ("Clarke"), alleging personal injury arising out of a fall she took while visiting a for-sale home in Hot Springs, Montana. Plaintiff seeks partial summary judgment holding Freddie Mac liable for negligence as a matter of law. (Doc. 90.) Berge and Clarke also move for summary judgment on the ground they did not owe a duty of care as a matter of law.[1] (Docs. 115 and 119.) For the reasons set forth below, Plaintiff's motion is denied and Berge's and Clarke's motions are granted.

---

[1]     Clarke's initial motion and brief are almost identical to Berge's.

## BACKGROUND[2]

On February 1, 2012, Plaintiff was visiting a residential property located at 416 2nd Avenue, Hot Springs, Montana ("the Property") for the purposes of potentially buying it as an investment. While viewing the interior of the house, she fell down an unmarked 2-foot by 3-foot wide uncovered basement access door in the middle of the floor of the utility room. At the time she fell, Plaintiff was walking across the room toward another door and she did not see the opening.

On January 30 or 31, 2012, while showing the Property to clients unrelated to this litigation, Berge and Clarke witnessed the uncovered access in the floor of the utility room; neither closed the door nor covered the opening. Berge is a real estate agent for Century 21 Big Sky Real Estate and Clarke is a real estate agent for Keller Williams Realty. When the incident took place, Freddie Mac was the owner of the Property and, pursuant to a Master Listing Agreement, Flathead Land and Home was responsible for the sale, management, maintenance, preservation, and inspection of unsafe conditions on the Property.

## SUMMARY CONCLUSION

Under Montana law, whether a duty of care exists is a legal question for the Court to determine and whether a party has breached its respective duty is generally a fact question for the jury. Freddie Mac, as the possessor of the

---

[2]    These facts are undisputed. (*See* Docs. 92, 111, 113, 117, 121, 123 and 133.)

Property at the time of the incident, had a duty to use ordinary care in maintaining the Property in a reasonably safe condition and to warn of any hidden or lurking dangers. Because reasonable minds could differ as to whether Freddie Mac breached its duty, summary judgment is inappropriate. On the other hand, Berge and Clarke did not have a duty any party and summary judgment in their favor is warranted.

## STANDARD

A party is entitled to summary judgment if it can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is warranted where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). On a motion for summary judgment, the question is whether a fair-minded jury could return a verdict for the non-moving party. *Id.* at 252. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude entry of summary judgment; factual disputes which are irrelevant or unnecessary to the outcome are not considered. *Id.* at 248.

## ANALYSIS

### I. Plaintiff's Partial Motion for Summary Judgment

Liability in negligence requires the plaintiff to prove four elements: duty,

breach, causation, and damages. *Fisher v. Swift Transp. Co. Inc.*, 181 P.3d 601, 606 (Mont. 2008). Plaintiff insists that because reasonable minds cannot differ as to the facts underlying the elements of negligence as it relates to Freddie Mac, partial summary judgment is appropriate. On the facts presented here, that view is one through rose-colored glasses because genuine questions of material fact exist.

Duty is determined as a matter of law. *Id.* at 607. All persons have "the common law duty to exercise the level of care that a reasonable and prudent person would under the same circumstances." *Id.* at 606. Under Montana law, the duty in the context of premises liability has been specifically outlined as follows:

> [t]he possessor of the premises has a duty to use ordinary care in maintaining the premises in a reasonably safe condition and to warn of any hidden or lurking dangers. What constitutes a reasonably safe premises is generally considered to be a question of fact. Whether a premises is reasonably safe depends to a large extent on what use the property is put to, its setting, location and other physical characteristics; the type of person who would foreseeably visit, use or occupy the premises; and the specific type of hazard or unsafe condition alleged. The possessor of the premises is not liable to persons foreseeably upon the premises for physical harm caused to them by an activity or condition on the premises whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

*Richardson v. Corvallis Pub. Sch. Dist.*, 950 P.2d 748, 755-56 (Mont. 1997).

Freddie Mac was the undisputed owner of the Property at the time of the fall. As a matter of law, it had a duty to use ordinary care in maintaining the Property in a reasonably safe condition and to warn of any hidden or lurking

dangers. Whether it breached this duty is a question of fact. Contrary to Plaintiff's assertion, this is not an instance "when reasonable minds cannot differ, [and] questions of fact can be determined as a matter of law." *Id.* at 757.

The facts here are analogous to those addressed by the Montana Supreme Court in *Brown v. Demaree*, 901 P.2d 567 (Mont. 1995). There a substitute newspaper carrier fell and his hurt his knee when he missed a downward step in the sidewalk directly prior to the defendant's stoop. The Court reiterated the general rule that what constitutes a reasonably safe premises is a question of fact, concluding that reasonable minds could differ on whether the home owner should have illuminated the sidewalk area at the approach to his home or warned of the danger. 901 P.2d at 570. Similarly, in *Limberhand v. Big Ditch Co.*, 706 P.2d 491, 499 (Mont. 1985), the Court found that a material issue of fact existed as to whether an irrigation ditch (which was open and obvious) could present sufficient danger to persons using the landowners' property so that by not taking remedial or warning measures the landowners may have breached their duty to keep the premises reasonably safe. Reasonable minds could differ in this case in deciding whether the uncovered opening was a condition making the premises unsafe and as to what remedial steps Freddie Mac was reasonably required to take.

Additionally, a material fact question remains as to whether the uncovered access was an obvious condition. Under Montana law, if it was a known or

obvious condition and the Plaintiff was foreseeably on the premises, Freddie Mac

can escape liability unless it should have anticipated the harm despite such

knowledge or obviousness. *Richardson*, 950 P.2d at 755-56. Plaintiff contends

that at the time of her injury she did not see the opening in the floor and she was

not aware that it was there. On the other hand, Plaintiff testified in her deposition

that she had an unobstructed view of the room. (Def.'s St. Disp. Facts, Doc. 113

at ¶ 26.) Furthermore, Berge and Clarke testified that the opening was easily

noticeable. *Id.* Whether Freddie Mac should have anticipated that a person

unfamiliar with the residence would see the opening and avoid it—and therefore

avoid injury—is a factual question which should be resolved by a jury, not the

Court. *See Brown*, 901 P.2d at 570-71; *see Richardson*, 950 P.2d at 756 (whether

the possessor should have anticipated the harm depends on the "degree of ordinary

care which reasonable persons would use under the same or similar

circumstances." ).

Plaintiff argues that Freddie Mac cannot avoid its duty by hiring Flathead

Land and Home to maintain the Property. While the hiring of Flathead Land and

Home does not obviate Freddie Mac's duty to Plaintiff, it may speak to whether or

not Freddie Mac fulfilled that duty. Contrary to Plaintiff's contentions, reasonable

minds can differ as to this issue, foreclosing summary disposition of Plaintiff's

negligence claim against Freddie Mac.

## II. Berge's and Clarke's Motions for Summary Judgment

Berge and Clarke move for summary judgment on the grounds that they did not owe a duty of care to Freddie Mac, Flathead Land and Home, or Plaintiff.

### A. Common Law Duty

As discussed above, Montana has determined the bounds of duty in the context of premises liability, imposing a duty of care when the alleged tortfeasor is the possessor of property. *Richardson*, 950 P.2d at 756. This relationship—and the attendant duty—has been found in some other jurisdictions to extend to a real estate agent. *See Smith v. Inman Realty Co.*, 846 S.W.2d 819, 823 (Tenn. App. 1992) (holding realty company was possessor of property because it had exclusive contract with property owner); *see also Coughlin v. Harland L. Weaver, Inc.*, 230 P.2d 141 (Cal. App. 1951) (holding realty company that was authorized to show and sell the property was a possessor); *Jarr v. Seeco Constr. Co.*, 666 P.2d 392, 395 (Wash. App. 1983) (noting that possessor need not be the owner of the property). Other courts have associated the existence of such a duty with a real estate agent's relationship with a client, exclusive right to the property, contractual duty to maintain the property, and/or extensive knowledge of the property. *See e.g. Hopkins v. Fox & Lazo Realtors*, 625 A.2d 1110 (N.J. 1993) (finding a real estate agent that manages or directs an open house has a degree of responsibility for the safety of potential customers while they are visiting the premises); *Masick*

*v. McColly Realtors, Inc.*, 858 N.E.2d 682, 691-92 (Ind. App. 2006) (finding listing broker could be liable for failure to warn prospective purchaser of latent defect during showing but did not have a duty to inspect the premises).

Here, Berge and Clarke had no discernable relationship with either the Property or Plaintiff. Berge and Clark were not the possessors of the Property, did not have contractual rights to the Property, were not given any specific opportunity to inspect the Property, and did not interact with Plaintiff. Berge and Clarke's mere observation of the condition is insufficient to give rise to a duty on their part. Although the Montana Supreme Court has found that a tortfeasor's duty must be considered in light of his or her knowledge of the danger, *Schuff v. Jackson*, 55 P.3d 387 (Mont. 2002) (holding that the jury should have been instructed of the increased duty of care imposed on a defendant who had prior knowledge of a rock formation and its potential danger prior to boating over them), knowledge by itself does not create the relationship upon which the duty is premised. In *Schuff*, the injured party was on the boat with the boat driver and the driver's negligent act of driving over the rocks led to the injury. Here, there is no similar nexus in relationship or indication that Berge and Clarke created or caused the condition that resulted in injury. There is no indication that buyer's agents are held to a higher standard of care vis-a-vis a listing agent/owner or a potential purchaser under the common law. Unlike seller's agents, buyer's agents have no

control of the premises and have limited access. Realistically, a buyer's agent has

no greater control over the property than a potential buyer, and buyers' agents and

potential buyers are equally able to discover and avoid dangers. *See Davies v.*

*Johnson*, 2012 WL 2947903 (Mich. App. July 19, 2012) (unpublished) (finding

buyer's agent did not have a duty even when it was his client that was injured

while visiting a for-sale property). Absent a duty in the first instance, actual

knowledge and the foreseeability of the injury alone is insufficient to establish

liability on the part of Berge and Clarke.[3]

Public policy does not support the imposition of a duty here. *Fisher*, 181

P.3d at 607 ("In analyzing whether a duty exists, [a court must] consider whether

the imposition of that duty comports with public policy . . . ."). In making this

determination, it is necessary to survey various considerations, "including the

moral blame attributable to the defendant's conduct; the prevention of future

harm; the extent of the burden placed on the defendant; the consequences to the

public of imposing such a duty; and the availability of insurance for the risk

involved." *Hinkle v. Shepherd Sch. Dist. No. 37*, 93 P.3d 1239, 1244 (Mont.

2004). The uncertainty surrounding the nature of potential conditions and buyer's

agents' limited access to properties (and complete lack of exposure to most of the

---

[3]     The hypothetical that comes to mind is that of a person walking down the street
that notices an uncovered man-hole. The person knows that it is likely and foreseeable that some
passerby could walk into the man-hole and be harmed. However, the person generally does not
have a duty to do anything to prevent this foreseeable injury unless she undertakes some remedial
effort.

potential purchasers) make the imposition of a duty unwise in this circumstance. Such a notion would shift the duty to maintain a property in a safe condition from the party with the power and ability to do so to any interested visitor. Montana law places the duty of due care squarely on the shoulders of the owner/possessor of the property, *Richardson*, 950 P.2d at 756, who likely maintains insurance for this type of eventuality. Berge and Clarke did not owe a common law duty to Plaintiff, Flathead Land and Home, or Freddie Mac.

## B.    Statutory Duty

The facts here do not trigger a statutory duty. The statutes cited by Plaintiff and Flathead Land and Home reference general liability for negligence as it relates to willful acts, Mont. Code Ann. § 27-1-701, and the duties owed by a buyer's agent to the seller and the seller's agent, Mont. Code Ann. § 37-51-313(5). In this case, the facts alleged do not implicate a breach of the common law duty to exercise reasonable care, but instead sound in premises liability. There is no indication that a duty under § 37-51-313(5) is applicable in this circumstance. Pursuant to the statute,

A buyer agent is obligated to the seller to: (a) disclose any adverse material facts that are known to the buyer agent and that concern the ability of the buyer to perform on any purchase offer; (b) disclose to the seller or the seller agent when the buyer agent has no personal knowledge of the veracity of information regarding adverse material facts that concern the property; (c) act in good faith with a seller and a seller agent; and (d) comply with all applicable federal and state laws, rules, and regulations.

§ 37-51-313(5). Contrary to Flathead Land and Home's contention, the harm alleged here is not the type of harm the statute was meant to protect against. The duties arising under this statute regard adverse material facts that may affect the buyer's ability to purchase a property, not the property's physical condition.

## CONCLUSION

Freddie Mac owed Plaintiff a duty arising under premises liability. Whether the remaining elements of Plaintiff's negligence claim are met is a question of fact for the jury. The law does not impose an affirmative duty on Berge and Clarke under the circumstances set forth in the record here. In the absence of duty, summary judgment in their favor is appropriate.

Accordingly, IT IS ORDERED the Plaintiff's motion (Doc. 90) is DENIED.

IT IS FURTHER ORDERED that Berge's and Clark's motions (Docs. 115, 119) are GRANTED. Defendants and Third-Party Defendants Trudy Berge and Century 21 Big Sky Real Estate and Janell Clarke and Keller Williams Realty of Northwest Montana are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Berge's motion for an order directing Plaintiff submit to a Rule 35 examination (Doc. 140) is DENIED as MOOT.

Dated this __15th__ day of October, 2014.

Donald W. Molloy, District Judge
United States District Court

12